```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
NEW CINGULAR WIRELESS PCS, LLC
d/b/a AT&T Mobility,
                                              MEMORANDUM & ORDER
     Plaintiff,                               22-CV-5524 (JS)(LGD)

     -against-

THE INCORPORATED VILLAGE OF
MUTTONTOWN; THE INCORPORATED                  FILED
VILLAGE OF MUTTONTOWN BOARD OF                CLERK
TRUSTEES; THE PLANNING BOARD OF
THE INCORPORATED VILLAGE OF                   5:03 pm, Sep 23, 2024
MUTTONTOWN, THE SITE AND
ARCHITECTURAL REVIEW BOARD OF THE             U.S. DISTRICT COURT
INCORPORATED VILLAGE OF                       EASTERN DISTRICT OF NEW YORK
MUTTONTOWN, and THE ZONING BOARD              LONG ISLAND OFFICE
OF APPEALS OF THE INCORPORATED
VILLAGE OF MUTTONTOWN,

     Defendants.
---------------------------------X
APPEARANCES

For Plaintiff:              Andrew B. Joseph, Esq.
                            Kenneth J. Wilbur, Esq.
                            Vijayasri Aryama, Esq.
                            Faegre Drinker Biddle & Reath LLP
                            600 Campus Drive
                            Florham Park, New Jersey 07932


For Defendants The          Keith M. Corbett, Esq.
Incorporated Village of     Stephanie T. Barry, Esq.
Muttontown, The             Harris Beach PLLC
Incorporated Village of     100 Wall Street, 23rd Floor
Muttontown Board of         New York, New York 10005
Trustees, The Planning
Board of the Incorporated
Village of Muttontown,
and The Site and
Architectural Review
Board of the Incorporated
Village of Muttontown:
```

| | |
|---|---|
| For Defendant The Zoning Board of Appeals of the Incorporated Village of Muttontown: | Andrew J. Campanelli Campanelli & Associates, P.C. 1757 Merrick Avenue, Suite 204 Merrick, New York 11566 |
| | Keith M. Corbett, Esq. Stephanie T. Barry, Esq. Harris Beach PLLC (See above for address) |

SEYBERT, District Judge:

Plaintiff New Cingular Wireless PCS, LLC (hereafter, "Plaintiff"), brings this action against Defendants The Incorporated Village of Muttontown (hereafter, the "Village"), the Incorporated Village of Muttontown Board of Trustees (hereafter, the "Board of Trustees"), the Planning Board of the Incorporated Village of Muttontown, (hereafter, the "Planning Board"), the Site and Architectural Review Board of the Incorporated Village of Muttontown (hereafter, the "SARB"), and the Zoning Board of Appeals of the Incorporated Village of Muttontown (hereafter, the "Zoning Board") (collectively, "Defendants") seeking redress following the denial of its application to construct a monopole in the village of Muttontown which would have addressed a gap in wireless network services (hereafter, the "Application"). (See Compl., ECF No. 1.)

On March 9, 2023, Defendants filed a Motion to Dismiss all claims against Defendants pursuant to Federal Rules of Civil Procedure (hereafter, "Rule(s)") 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim

upon which relief may be granted (hereafter, "Dismissal Motion"). (Defs' Support Memo, ECF No. 48-5, at 10.)  On December 18, 2023, Magistrate Judge Lee G. Dunst (hereafter, "Judge Dunst") issued a Report and Recommendation (hereafter "Report" or "R&R") recommending the Court grant Defendants' Dismissal Motion and dismiss the federal claims and the N.Y. C.P.L.R. Article 78 claim against all Defendants without prejudice.  (R&R, ECF No. 54, at 23.)  Judge Dunst further recommended the Court decline to exercise supplemental jurisdiction over the remaining state claims and dismiss those claims without prejudice.  (Id.)  For the following reasons, Plaintiff's objections are OVERRULED, the R&R is ADOPTED in its entirety, and Defendants' Dismissal Motion is GRANTED insofar as it seeks dismissal of Plaintiff's claims without prejudice.

BACKGROUND

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R.[1]  (See R&R at 2-13.) See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of

---

[1] The Court further adopts defined terms as referenced in the R&R. (See, e.g., R&R at 9-10 (referring Plaintiff's claims as the "Shot Clock Claim", the "Prohibition Claim" and the "Substantial Evidence Claim", respectively).)

3

factual and procedural backgrounds of the case, upon clear error review, adopting and incorporating same into court's order).[2]

I. Judge Dunst's R&R

In his December 18, 2023 Report, Judge Dunst recommended the Court dismiss with prejudice "all claims as to the Village, the Board of Trustees, the Planning Board, and the SARB." (R&R at 2.) "Additionally, as to the Zoning Board, [Judge Dunst] recommend[ed] . . . all claims under the [Telecommunications Act (hereafter, the "TCA")] and N.Y. C.P.L.R Article 78 be dismissed without prejudice, and that the Court decline to exercise supplemental jurisdiction over all remaining state claims." (R&R at 2.)

A. Recommendation to Dismiss Claims Against the Village, the Board of Trustees, the Planning Board, and SARB

Judge Dunst recommended dismissal of the Shot Clock Claims (Count I) made against the Village, the Board of Trustees, the Planning Board, and the SARB (hereafter, the "Non-Zoning Board Defendants"), concluding the claims were not ripe because "once the Zoning Board denied [Plaintiff's] variance Application, the[] [other] Defendants were divested of their authority to act and could not overrule the Zoning Board's decision." (R&R at 11-14.)

---

[2] The Court notes Plaintiff's objection to certain factual conclusions made in the Report's analysis, as opposed to the Report's factual background. (See Objs., ECF No. 56, at 17.) Such objections are addressed, to the extent necessary, herein.

4

The R&R similarly recommended dismissal of Plaintiff's Prohibition and Substantial Evidence Claims (Counts II and III, respectively) against the Non-Zoning Board Defendants because, once the Zoning Board voted to deny Plaintiff's Application, the Non-Zoning Board Defendants had "no authority to contravene" such ruling, and therefore there is "no recourse any of these entities could provide to Plaintiff" with respect to these claims and "there is no controversy between the parties on these counts." (Id. at 14-15.)

### B. Recommendation to Dismiss Claims Against the Zoning Board

Judge Dunst also recommended dismissing Plaintiff's Shot Clock, Prohibition, Substantial Evidence, and State Law Claims (Count IV) against the Zoning Board. (Id. at 2.) First, he reasoned the Shot Clock Claim against the Zoning Board should be dismissed because the parties agreed: (1) the Shot Clock expired on August 18, 2022; and (2) the Zoning Board denied Plaintiff's Application at a hearing on July 21, 2022, and issued a written decision to the same effect on August 17, 2022. (Id. at 17.) Relying upon Supreme Court law, Judge Dunst concluded Plaintiff made "no factual allegations that the written decision was distinct and not contemporaneous with the [Application] denial at the July 21, 2022 hearing" and, accordingly, recommended dismissal of the Shot Clock Claim pursuant to Federal Rule of Civil Procedure (hereafter, "Rule") 12(b)(6). Second, Judge Dunst recommended

5

dismissal of Plaintiff's Prohibition Claim against the Zoning Board pursuant to Rule 12(b)(6) because there were "no factual allegations . . . that the Proposed Facility was the least intrusive means of closing the service gap" and the Complaint provided "only one cursory allegation" on this point. (Id. at 18-19.)  Third, Judge Dunst recommended dismissal of the Substantial Evidence Claim pursuant to Rule 12(b)(6) because there were "several instances [in the record] where Plaintiff seems to admit it did not provide evidence of considered alternatives to the [proposed construction]" and because the "cursory legal conclusion" that there were no feasible alternative means to remedy the service gap is insufficient to meet the applicable pleading standard. (Id. at 20-21.)  Finally, in light of the recommended dismissal of all federal claims, Judge Dunst recommended the Court decline to exercise supplemental jurisdiction over the remaining State Law Claims.  (Id. at 22.)

   II.   Plaintiff's Objections to the R&R

Plaintiff asserts four primary objections to Judge Dunst's Report.  (Objs., ECF No. 56.)  First, Plaintiff argues Judge Dunst impermissibly dismissed its Prohibition Claim against the Zoning Board because, inter alia, Plaintiff sufficiently alleged that "the Proposed Facility was the least intrusive means of closing the service gap." (Id. at 13 (quoting R&R at 19).)

6

Plaintiff argues it did so by: (1) asserting in detail the alternative means of addressing the coverage gap, and ruling out such alternative means; (2) alleging there are no existing structures that could host a facility that would remedy the service gap; (3) concluding the proposed construction site was a "priority location" under the Village Code; and lastly, (4) alleging the Application hearing record was devoid of evidence of alternative, less intrusive locations for construction aside from the Proposed Facility.  (Id. at 13-14.)  According to Plaintiff, these allegations, which must be accepted as true on a motion to dismiss, are sufficient to sustain a claim for prohibition.

As its second objection, Plaintiff argues its Substantial Evidence Claim was improperly dismissed because: (1) the R&R failed to consider the entire record; (2) the R&R ignored "Rule 12(b)(6)'s mandate to draw all reasonable inferences in non-movant's favor" by concluding (a) Plaintiff admitted it did not consider less intrusive alternatives to the proposed monopole construction despite allegations in the Complaint that Plaintiff did consider such alternatives and determined they were not viable; and (b) Plaintiff did not consider alternate sites for its proposed monopole despite the Complaint's allegation that "there is no evidence that multiple site scenarios, in the aggregate, would be available, viable, less intrusive, or feasible". (Id. at 17-22.)

7

For its third objection, Plaintiff contends the R&R erroneously dismissed its Shot Clock Claims against the Non-Zoning Board Defendants based upon: (1) Defendants' purportedly suspicious conduct in relation to Plaintiff's Application as outlined in the Complaint; (2) its position that the Zoning Board's denial of its Application does not absolve the other Defendants of their obligation to comply with the shot clock; and (3) allegations in the Complaint that Plaintiff's Application required approval from the Non-Zoning Board Defendants. (Id. at 23-25.) Moreover, Plaintiff asserts its Shot Clock Claim against the Zoning Board should survive because: (4) the Zoning Board voted to deny the Application on July 21, 2022 but did not provide written notice of denial until August 17, 2022; and (5) Plaintiff was not given the benefit of reasonable inferences in its favor as to this claim. (Id. at 27-30.)

For its fourth and final objection, Plaintiff contends its Article 78 Claims should not be dismissed because the "TCA claims should not be dismissed" and "for the reasons set forth in Point IV of [its] Motion Brief." (Id. at 30.)

DISCUSSION

I. Legal Standards

  A. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3). The Court need not review the findings and conclusions to which no proper objection has been made. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

B. Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a court to dismiss a claim for lack of subject matter jurisdiction where "the district court lacks the statutory or constitutional power to adjudicate it." FED. R. CIV. P. 12(b)(1); Homefront Org., Inc. v. Motz, 570 F. Supp. 2d 398, 404 (E.D.N.Y. 2008) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d. Cir. 2000)). Where a claim is not ripe for review, or presents a controversy that is not justiciable, such claim should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Id. (finding plaintiff's claims should be dismissed because they were not "ripe for review, and thus, the [c]ourt lack[ed] subject matter jurisdiction"); Nat'l Union Fire Ins. Co. of Pittsburgh, PA

9

v. Hicks, Muse, Tate & Furst, Inc., No. 02-CV-1334, 2002 WL 1313293, at *4 (S.D.N.Y. June 14, 2002) (dismissing claims pursuant to Rule 12(b)(1) because they were not justiciable).

Moreover, Rule 12(b)(6) permits dismissal of Plaintiff's claims where Plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

II. Analysis

A. Plaintiff's Objections Warrant Clear Error Review

Turning to Plaintiff's Objections, the Court finds them be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Dunst. Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)). Indeed, each and every objection raised by Plaintiff is comprised of arguments already asserted by Plaintiff in its underlying Opposition. (Compare Objs. at 13-17 (arguing the Complaint alleges

10

Plaintiff made a good-faith effort to identify and evaluate less intrusive alternatives to remedy the service gap which supports its Prohibition Claim) with Opp'n, ECF No. 50, at 13 (arguing, in support of its Prohibition Claim, the Complaint alleges "a good faith effort to identify less intrusive alternatives"); Objs. at 17-22 (arguing Substantial Evidence Claim should not be dismissed because it must be reviewed upon the entire record and because the Complaint adequately alleges the Proposed Facility is a more feasible means of providing services than the alternatives) with Opp'n at 17-20 (arguing, as to its Substantial Evidence Claim, the Court must consider all record evidence, and the Complaint alleges the Proposed Facility "is a more feasible means of providing service than available alternatives"); Objs. at 23-30 (arguing Shot Clock Claims should be maintained against all Defendants because of Defendants' purportedly suspicious conduct, Defendants' shot clock obligations run concurrently, and the Zoning Board decision is not entitled to deference and did not provide written denial as required by the TCA), with Opp'n at 20-31(arguing same); Objs. at 30 (arguing Article 78 Claim should not be dismissed "for the reasons set forth in Point IV of AT&T's Motion Brief"); with Opp'n at 30-31 (making said arguments).) Thus, the Court reviews Judge Dunst's Report for clear error.

B. <u>Plaintiff's Objection as to the Dismissal of Claims Against the Zoning Board</u>

1. <u>Objection 1: Plaintiff's Prohibition Claim</u>

Under the TCA, local governments have authority over decisions concerning the placement, construction, and modification of personal wireless service facilities, "but may not, among other things, 'prohibit or have the effect of prohibiting the provision of personal wireless services[.]'" <u>Orange County-Poughkeepsie Ltd. P'ship v. Town of E. Fishkill</u>, 84 F. Supp. 3d 274, 294 (S.D.N.Y.) (citing 47 U.S.C. § 332(c)(7)), <u>aff'd sub nom.</u> <u>Orange County -- County Poughkeepsie Ltd. P'ship v. Town of E. Fishkill</u>, 632 F. App'x 1 (2d Cir. 2015). This portion of the TCA is commonly referred to as the "effective prohibition provision" and "precludes denying an application for a facility that is the least intrusive means for closing a significant gap in a remote user's ability to reach a cell site that provides access to land lines[.]" <u>Id.</u> (citing <u>Sprint Spectrum L.P. v. Willoth</u>, 176 F.3d 630, 643 (2d. Cir. 1999)). To prevail on a prohibition claim pursuant to 47 U.S.C. § 332(c)(7)(B)(i)(II), a plaintiff must show: (1) "that a 'significant gap' exists in wireless coverage"; and (2) "that its proposed facility is 'the least intrusive means' to close that gap." <u>New Cingular Wireless PCS, LLC v. Town of Fenton</u>, 843 F. Supp. 2d 236, 253 (N.D.N.Y. 2012). "[A] local government may reject an application for construction of wireless services if the

service gap can be closed by less intrusive means" such as "selecting a less sensitive site, reducing the tower height, using a preexisting structure, or camouflaging the tower and/or antennae."  Id. (citing Willoth, 176 F.3d at 643) (internal quotation marks omitted)).

In support of its Prohibition Claim, Plaintiff alleged in its Complaint that "AT&T made a good faith effort to identify and evaluate less intrusive alternatives to remedy a signifigant service gap, and the Proposed Facility is the least intrusive means of providing consistent and reliable access to AT&T customers and FirstNet users in the service gap."  (Compl. ¶ 104.)  Plaintiff argues this statement, "in the context of the detailed factual allegations of the other 115 paragraphs of the Complaint" is sufficient to meet the Rule 8 pleading standard.  (Objs. at 13.)  The Court disagrees and finds Judge Dunst's dismissal of the Prohibition Claim was not clear error.

Plaintiff's Complaint falls short of meeting the pleading standard as it does not assert "factual content that allows the court to draw the reasonable inference that the defendant is liable" on the Prohibition Claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, Plaintiff's Prohibition Claims cannot be saved by citations in its Objections to several enumerated paragraphs of the Complaint, all of which either state conclusions of law, or do not factually support its

13

Prohibition Claim. Accordingly, Plaintiff's Objection is overruled and the Court adopts Judge Dunst's recommendation to dismiss Plaintiff's Prohibition Claim without prejudice.[3]

### 2. Objection 2: Plaintiff's Substantial Evidence Claim

The TCA requires "any decision by a State or local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities" to be "in writing and supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii). Substantial evidence is "less than a preponderance, but more than a scintilla of evidence [and] 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" N.Y. SMSA Ltd. P'ship v. Vill. of Floral Park Bd. of Trustees, 812 F. Supp. 2d 143, 153 (E.D.N.Y. 2011) (quoting Universal Camera v. NLRB, 340 U.S. 474, 477 (1951) (alteration in original)). If "even one reason given for the denial [of an Application] is supported by substantial evidence, the decision of a local zoning body cannot

---

[3] The Court notes Plaintiff's contention, based exclusively upon the case law of other Circuits, that the Court must consider its Prohibition of Services Claim de novo without deference to the Zoning Board's decision. (Objs. at 13-15.) The Court disagrees. First, the case law Plaintiff cites is not binding on this Court, and it was therefore not clear error for Judge Dunst to decline to consider it. See Fritz v. LVNV Funding, LLC, 587 F. Supp. 3d 1, 4 (E.D.N.Y. 2022) (citations and alterations omitted). Second, even the de novo standard was applicable, the application of such standard would not absolve Plaintiff of his obligation to make adequate pleadings in compliance with Rule 12(b).

14

be disturbed." Id. (quoting N.Y. SMSA L.P. v. Town of Oyster Bay Zoning Bd. of Appeals, No. 08-CV-4833, 2010 WL 3937277, at *4 (E.D.N.Y. Sept. 30, 2010)).

In its Objections, Plaintiff argues Judge Dunst failed to draw reasonable inferences in its favor when he concluded Plaintiff admitted it did not consider less intrusive alternatives to the Proposed Facility, and thereby concluded there was substantial evidence upon which the Zoning Board denied Plaintiff's Application. (Objs. at 17-22.) Again, the Court disagrees. First, as cited in the R&R, there are ample instances in the record of Plaintiff not adequately alleging the Proposed Facility was the least intrusive means of remedying the service gap. (R&R at 20-21 (citing instances where Plaintiff admits it has not considered or evaluated less intrusive means of remedying the service gap).) Moreover, as stated previously with respect to Plaintiff's Prohibition Claim, Plaintiff cannot save its Substantial Evidence Claim by relying upon conclusory allegations made in its Complaint which the Court need not accept as true. Kleehammer v. Monroe County, 743 F. Supp. 2d 175, 180-81 (W.D.N.Y. 2010) ("[C}onclusory allegations . . . need not be accepted as true for purposes of ruling on a motion to dismiss.") (citing Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995) (further citations omitted)). Accordingly, in the absence of clear error, the Court overrules Plaintiff's Objection and adopts Judge

15

Dunst's recommendation to dismiss without prejudice Plaintiff's Substantial Evidence Claim.

### 3. Objection 3: Plaintiff's Shot Clock Claims

Plaintiff's Shot Clock Claims against the Zoning Board fair no better. Under the TCA, a local zoning authority must act on an application "within a reasonable period of time after the request is duly filed" taking into consideration the nature and scope of such request. 47 U.S.C. § 332(c)(7)(B)(ii). The parties agree the shot clock expired on either August 18, 2022 or August 19, 2022. (Compl. ¶¶ 63, 96; Opp'n to Objs., ECF No. 58, at 13.) The parties also agree the Zoning Board voted to deny Plaintiff's application on July 21, 2022 and thereafter issued a written decision memorializing such denial and its reasoning for the denial on August 17, 2022, the day before the agreed-upon shot clock deadline. (Objs. at 27-28; Opp'n to Objs. at 6.) In light of these undisputed facts, the Court is bound by Supreme Court case law as cited by Judge Dunst which states a later-issued written denial of an application satisfies the TCA when issued "essentially contemporaneously" with such denial. See T-Mobile South, LLC v. City of Roswell, 574 U.S. 293, 307 (2015) ("A locality may satisfy its statutory obligations if it states its reasons with sufficient clarity in some other written record issued essentially contemporaneously with the denial.") (See also R&R at 17.) Hence, there is no basis to find Judge Dunst's recommendation to

16

dismiss Plaintiff's Shot Clock Claim against the Zoning Board was clear error. Accordingly, Plaintiffs Objection is overruled and Judge Dunst's recommendation to dismiss Plaintiff's Shot Clock Claim without prejudice is hereby adopted.

> C. <u>Plaintiff's Objections as to Dismissal of Claims Against Non-Zoning Board Defendants</u>

Despite its lengthy objections, Plaintiff has failed to credibly refute Judge Dunst's well-reasoned conclusion that all claims against the Non-Zoning Board Defendants must be dismissed, as the Shot Clock Claims against the Non-Zoning Board Defendants are not ripe, and the Prohibition and Substantial Evidence Claims do not give rise to a justiciable controversy because the Non-Zoning Board Defendants were "divested of their authority to act" following the Zoning Board's denial of Plaintiff's Application. (<u>See</u> R&R at 11-14; <u>see also</u> Objs. <u>in toto</u>).

As a general matter, "[a] claim is not ripe if it depends upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Nat'l Org. for Marriage, Inc. v. Walsh</u>, 714 F.3d 682, 687 (2d Cir. 2013). Moreover, "[t]o be justiciable under Article III" of the Constitution "a cause of action must be ripe—it must present 'a real, substantial controversy, not a mere hypothetical question.'" <u>Berardi v. Berardi</u>, No. 22-CV-00159, 2023 WL 1795797, at *6 (N.D.N.Y. Feb. 7, 2023) (citing <u>Nat'l Org. for Marriage</u>, 714 F.3d at 687) (further

17

citations and quotation marks omitted)). Here, the Court finds Judge Dunst's recommendation that Plaintiff's claims against the Non-Zoning Board Defendants are either not ripe or do not present a justiciable controversy, to be free of clear error.

There can be no dispute that the shot clock expired on either August 18, 2022 or August 19, 2022. (Compl. ¶¶ 63, 96; Opp'n to Objs., ECF No. 58, at 13.) Likewise, the parties recognize the Zoning Board memorialized such decision in a writing dated August 17, 2022. (Objs. at 27-28; Opp'n to Objs. at 6.) Under Village Law 7 § 712-b,[4] the Zoning Board has the authority to grant or deny variance applications, and denied applications cannot be overcome by the Non-Zoning Board Defendants. Accordingly, on August 17, 2022, when the Zoning Board denied Plaintiff's Application, any action later taken by the Non-Zoning Board Defendants would be of no consequence. This is especially true in light of Plaintiff's argument in its Objections that if the Zoning Board's denial is overturned, the Non-Zoning Board Defendants would then have the authority to approve Plaintiff's Application. (Objs. at 24.) This argument proffers exactly the type "if/then" claims that the doctrines of ripeness and justiciability seek to avoid. (See R&R at 11-16 (discussing lack

---

[4] Village Law 7 § 712-b states, in pertinent part: "The board of appeals, on appeal from the decision or determination of the administrative officer charged with the enforcement of such local law, shall have the power to grant use variances."

18

of ripeness and justiciability as reasons for recommending dismissal of claims against the Non-Zoning Board Defendants).) The Court thus ADOPTS Judge Dunst's recommendation to dismiss without prejudice Plaintiff's claims against the Non-Zoning Board Defendants pursuant to Rule 12(b)(6). Moreover, because the Court adopts Judge Dunst's recommendation to dismiss all pending federal claims without prejudice, the Court further adopts the Magistrate Judge's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state law claims, which are dismissed without prejudice.

## CONCLUSION

For the stated reasons,[5] Plaintiff's objections are OVERRULED, the R&R is ADOPTED as stated, and Defendants' Dismissal Motion (ECF No. 48) is GRANTED without prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 23, 2024
       Central Islip, New York

---

[5] To the extent Plaintiff asserts any additional discernable objections not expressly addressed herein, the Court finds them to be without merit.